Filed 2/17/26  P. v. Rosales CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>CARLOS MARIO ROSALES,<br><br>　　Defendant and Appellant. | 2d Crim. No. B347968<br>(Super. Ct. No. BA161689)<br>(Los Angeles County) |

　　　　Carlos Mario Rosales appeals after the trial court denied his petition for resentencing under Penal Code section 1172.6.[1] We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant filed a supplemental brief.  We will affirm.

---

[1] Undesignated statutory references are to the Penal Code.

PROCEDURAL BACKGROUND

A jury convicted appellant of first degree murder (§§ 187, 189) and attempted murder (§§ 664, 187).  The jury found true the allegation appellant personally used a firearm in the commission of both offenses (§ 12022.5, former subd. (a)(1)).  Appellant also pleaded guilty to robbery (§ 211) and admitted a section 12022.5, former subdivision (a)(1) allegation as to that offense.  The court sentenced appellant to 36 years to life plus a consecutive life term.

We affirmed the judgment on appeal.  (*People v. Rosales* (Mar. 13, 2000, B130587) [nonpub. opn.].)

In September 2024, appellant filed a petition for resentencing pursuant to section 1172.6.  After briefing from both sides, the trial court denied the petition at the prima facie stage.

DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal from a section 1172.6 denial, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)  He is, however, entitled to appellate consideration of the arguments raised in his supplemental brief.  (*Ibid*.)

In that brief, appellant argues the jury could have imputed malice based on the jury instructions for aiding and abetting, implied malice, and lying-in-wait murder.  (See *People v. Maldonado* (2023) 87 Cal.App.5th 1257.)  But the jury was not instructed on either aiding and abetting or lying-in-wait murder.  Nor was it instructed on felony murder or the natural and probable consequences doctrine.  The instructions simply did not allow the jury to convict appellant under the natural and

2

probable consequences doctrine, felony murder, or any other theory imputing malice based solely on his participation in a crime. (§ 1172.6, subd. (a).) He is ineligible for relief as a matter of law, and the trial court properly denied his petition. (Cf. *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Appellant argues the jury instructions were ambiguous and errors prevented the jury from considering lack of intent to kill. He fails to demonstrate the instructions were inadequate in this regard. We perceive no such error.

Finally, appellant appears to request a new appellate attorney. As we have discussed, the arguments appellant raised in his brief lack merit, and he is ineligible for section 1172.6 relief as a matter of law. Appellant has not shown any basis for appointment of new counsel, and we deny any such request. To the extent appellant challenges his counsel as ineffective, the challenge fails because he has not shown deficient performance or prejudice. (*People v. Alvarez* (1996) 14 Cal.4th 155, 239.)

The order denying the section 1172.6 petition is affirmed. NOT TO BE PUBLISHED.


CODY, J.

We concur:


YEGAN, Acting P. J.        BALTODANO, J.


3

George G. Lomeli, Judge

Superior Court County of Los Angeles

_____

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.